UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-0209-DOC (GJS) | Date | May 3, 2022 |
|---|---|---|---|
| Title | Tristin D. King v. Jamar Williams | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge |
|---|---|

| H. Crawford | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) Order To Show Cause Re: Failure To Provide Court With Valid Address And Possible Dismissal

On April 11, 2022, the Court issued an Order resetting the discovery and dispositive motions deadlines in this civil rights case. The copy of the April 11 Order served upon Plaintiff at his docket address of record (the Robert J Donovan Facility) was returned by the U.S. Postal Service to the Clerk's Office on April 26, 2022, as undeliverable, with the notation "Inactive." [Dkt. 46.]

Local Rule 41-6 provides that:

> A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

Initials of preparer _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-0209-DOC (GJS) | Date | May 3, 2022 |
|---|---|---|---|
| Title | Tristin D. King v. Jamar Williams | | |

More than 14 days have passed since the April 11 Order was served on Plaintiff at his docket address of record, and Plaintiff has not filed a notice of his new address, or otherwise contacted the Court to provide a current address. Plaintiff has thus failed to comply with the Local Rule 41-6 requirement that he submit a Notice of Change of Address for filing when his address changed. Given Plaintiff's failure to provide the Court with a current address or other means of contacting him, the Court has no means of communicating with him, given his failure to provide the Court with updated contact information.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why the Court should not dismiss this action for failure to comply with Local Rule 41-6. **By no later than May 17, 2022,** Plaintiff shall file a response to this Order To Show Cause explaining why he has failed to comply with Local Rule 41-6. Alternatively, Plaintiff may discharge his obligation under this Order To Show Cause by simply filing the required Local Rule 41-6 Notice of Change of Address by the May 17, 2022 deadline.

**Plaintiff is cautioned that the failure to comply with this Order To Show Cause will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and/or Local Rule 41-6 for want of prosecution.**

**IT IS SO ORDERED.**